IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | Case No. 12-31500 | |
| STEPHEN K. HANN, § | Chapter 7 | |
| Debtor § | Judge Brown | |
| § | | |
| SAEED KAHKESHANI, § | | |
| Plaintiff § | | |
| § | | |
| vs. § | Adversary No. 12-03256 | |
| § | | |
| STEPHEN K. HANN, § | | |
| Defendant § | | |

### DEFENDANT'S REPLY TO PLAINTIFF'S REPLY AND OBJECTION

Defendant Stephen K. Hann ("Hann" or the "Defendant"), debtor in the above-captioned bankruptcy case, files this reply ("Defendant's Reply") to Plaintiff's Reply and Objection to Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment ("Plaintiff's Reply") filed by Plaintiff Saeed Kahkeshani.

**I.     The Arbitration Did Not Determine Dischargeability and Therefore Did Not Consider All Facts Relevant to Dischargeability**

1. The Plaintiff's Reply inaccurately characterizes the Defendant's position as attempting to "re-litigate" the Arbitration. This is not the Defendant's position. Rather, the Arbitration was held for a specific purpose: to litigate the state court issues underlying the dischargeability proceeding. The state court issues were litigated in the Arbitration and a determination made on those issues. The Defendant does not dispute that he is jointly and severally liable with SKH for the damages in the Arbitration Award. The Defendant is not attempting to re-litigate whether he is liable under state law to the Plaintiff.

2. What the Defendant argues is that because the Arbitration decided state law issues rather than the dischargeability issues, the Arbitration did not take into account certain facts that are relevant to the dischargeability issues. Regardless of whether the Defendant presented such facts during the Arbitration proceeding, they may not have been considered sufficiently relevant or important for the Arbitrator to rely on in the state court determination. It does not then follow that such facts are irrelevant and unimportant for the dischargeability determination.

3. In his Reply, the Plaintiff cites pages 3 through 15 of the Arbitration Award, which is all but six pages of the 19-page Award, to support his contention that the Defendant violated the Trust Fund Statute "intentionally, knowingly, and with intent to defraud." The citation is so general as to provide almost no guidance as to what, specifically, the Award states that definitively establishes that the Defendant has "intentionally, knowingly, and with intent to defraud" committed fraud or defalcation while acting in a fiduciary capacity within the meaning of Section 523(a)(4).

4. The Plaintiff does cite to Paragraph 21 of the Arbitration Award for support for certain arguments. Paragraph 21 of the Arbitration Award finds that the Defendant had "intent to defraud" the Plaintiff only as that term is defined by Texas Property Code Section 162.005(1)(A), *i.e.*, when a trustee "retains, uses, disburses, or diverts trust funds with the intent to deprive the beneficiaries of the trust funds." The Defendant did know and intend to deprive the Plaintiff of the trust funds, believing in part (1) that he could repay the trust funds in accordance with the safe harbor provision in Texas Property Code Section 162.031(c) and (2) that many of the payments were permissible payments of general business overhead under Texas Property Code Section 162.031(b). Although the Defendant may have had "intent to defraud" within the specific meaning of the Construction Trust Fund statute, the meaning of that term is not neces-

sarily the common meaning of that term or the meaning that the term has for purposes of scienter under Section 523.

5.  While the Arbitrator may have determined that the Defendant had knowledge of and intended his *actions* in making payments to or on behalf of himself and HBL; that such payments were improper under the Texas Construction Trust Fund Statute; and that, therefore, the Defendant had an "intent to deprive" the Plaintiff of the trust funds, the Arbitration Award does not show that the Defendant knew, at the time, that the actions were improper and intended to commit improper acts. In other words, the Arbitration Award does not make the necessary findings of scienter as required for a determination that a debt is not dischargeable..

6.  The Defendant additionally reiterates his concern that the Arbitration Award fails to consistently distinguish between the actions and liability attributable solely to SKH, Hann individually, or to both, particularly when trying to determine Hann's state of mind. Such failure is a material defect for the use of the Arbitration Award to determine the non-dischargeability of Hann.

7.  The Defendant certainly has no desire to re-litigate the fraud issues determined by the Arbitrator, as the Arbitrator determined that the Defendant had *not* made fraudulent misrepresentations to the Plaintiff and was *not* directly and personally responsible for SKH's misrepresentations to the Plaintiff.

II. **The Agreement to Arbitrate State Law Issues Does Not Preclude Consideration of Additional Facts Relevant to the Dischargeability Determination**

8.  The Plaintiff seems to argue that under the Agreed Order, the Arbitrator was to decide the issues of law pertaining not only to the state law claims and defenses alleged, but the issues of fact relating to *all* claims and defenses, including the dischargeability issues. However, the language quoted by the Plaintiff in his Reply does not support this interpretation, only that

the Arbitrator was to decide all issues of fact and law pertaining to violation of the Trust Fund Statute and other issues of state law. Although the Arbitration Award states that the "legal issue" of dischargeability is left for determination by the Bankruptcy Court, the parties nowhere agreed that the Bankruptcy Court, in order to decide the "legal issue," could not consider additional facts relevant or important to the dischargeability determination, but not necessarily relevant or important to the state law issues.

9. The parties left the determination of the dischargeability issue to the Bankruptcy Court because of the Bankruptcy Court's exclusive jurisdiction for such issue, including knowledge of the types of facts that would be relevant to such issue. The Arbitrator could not be expected to recognize and appreciate all fact issues relevant to a dischargeability determination when he was not authorized, or even necessarily qualified, to make the dischargeability determination.

10. The Plaintiff's argument is that, if the Defendant is liable for violating the Construction Trust Fund Statute, then the Defendant's debt to the Plaintiff is automatically non-dischargeable. If that were true, then there would have been no reason or need for the parties to reserve the issue of dischargeability to the Bankruptcy Court.

11. The Plaintiff does not state any argument in the Reply regarding dischargeability under Section 523(a)(6) that was not already made in his Motion for Summary Judgment and responded to by the Defendant in his Response.

### III. Non-Dischargeability Under Section 523(a)(2) Requires Fraud-in-Fact by the Debtor

12. The Defendant does not deny that under the Arbitration Award he is liable for the fraudulent misrepresentations of SKH to the Plaintiff under an alter ego theory. However, the

alter ego doctrine applies to a principal's *liability* for an entity's debt, not the *dischargeability* of that debt.

13. *Neal v. Clark*, 95 U.S. 704, 709 (1878) states that the fraud exception to discharge "means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality." The Plaintiff argues that because the fraud exception does not include fraud in law which may exist without imputation of bad faith or immorality, then it must include fraud in law which does exist with imputation of bad faith or immorality. Without admitting any bad faith or immorality on the part of the Defendant, the Plaintiff's interpretation does not follow the language of the opinion.

14. First, "without imputation of bad faith or immorality" is not stated as a condition for fraud in law to be excluded from the fraud exception to discharge. The Supreme Court did not say, "fraud implied in law, *only when it exists* without imputation of bad faith or immorality, is insufficient." The Supreme Court merely explains some of the reasoning behind the rule that fraud in fact is required for the fraud exception to apply because fraud in law can exist without imputation of bad faith or immorality.

15. Second, the Plaintiff's reasoning is logically invalid and is known as "denying the antecedent." The Plaintiff argues that because fraud in law without imputation of bad faith or immorality is insufficient to invoke the fraud exception, "under the converse of the *Neal* limitation, fraud *with* or through the imputation of bad faith or immorality is sufficient under §523(a)(2)(A)." [Plaintiff's Reply p. 15]. Using the same logic, the Plaintiff would conclude from the premise, "If one is in Houston, then one is in Texas" that if one is not in Houston, then one is not in Texas. Although it could be true that one is not in Texas when one is not in Hou-

ston, it is not necessarily so. Likewise, it is not necessarily true that fraud in law with the imputation of bad faith or immorality is sufficient to invoke the fraud exception.

16.     In fact, it is not true that fraud in law with the imputation of bad faith or immorality is sufficient to invoke the fraud exception. The Plaintiff's interpretation ignores the first part of the sentence in *Neal*, which states affirmatively that the fraud exception "means positive fraud, or fraud in fact." Because the Defendant was found liable for fraud *only* through an alter ego theory, no fraud in fact exists on the part of the Defendant.

17.     None of the cases cited by the Plaintiff in support of his claim that fraud in law may be the basis for non-dischargeability under Section 523(a)(2) address the Supreme Court case of *Neal*, except for *Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284 (5th Cir. 1995), in which the Fifth Circuit rejected as a matter of law that non-dischargeability under Section 523(a)(2) could be imputed to a debtor who was jointly and severally liable with his corporation and other shareholders in the corporation for damages relating to several fraudulent transactions.

IV.     **Comment *i***

18.     The Plaintiff speculates that the concern of Comment i to the Restatement of Judgments is to avoid giving preclusive effect to a judgment "when there is some ambiguity as to the basis for an award of damages." [Plaintiff's Reply p. 17]. However, this is not true and there is no need to speculate as to the concern of Comment i because the Fifth Circuit has explained that "[t]he rationale for this rule is that a determination in the alternative may not have been as rigorously considered as it would have been if necessary to the result, and the losing party may be dissuaded from appealing one determination because of the likelihood that the other will be upheld." *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 183 (5th Cir. 1997)(quoting *Eagle Properties, Inc. v. Scharbauer*, 807 S.W.2d 714, 722 (Tex. 1991)). The concern is not one of

ambiguity, but of how rigorously the court of first instance considered the various alternative bases for a judgment.

19. In any case, Comment i applies when the judgment of a court of first instance is based on more than one determination, each of which standing independently would be sufficient to support the result. The Plaintiff's insistence that the damages in the Arbitration Award are the same for each basis of liability only underscores that each basis of liability is sufficient to support the result and that Comment i applies to deny preclusive effect to the individual bases for liability.

20. Finally, Defendant does not agree that the agreement of the parties to arbitrate the state law issues underlying this proceeding prohibits him from attacking the preclusive effect of the Award. Again, the agreement between the parties was to arbitrate the state law issues; the dischargeability issues were explicitly left to the determination of the Bankruptcy Court. Because the Arbitrator was not to determine the dischargeability issues, he would not have had any reason to address facts relating only to the dischargeability issues or that are particularly important to the dischargeability issues.

## V. The Defendant's Cross-Motion for Summary Judgment

21. In his Reply, the Plaintiff merely states that there is evidence to support his claims of non-dischargeability without attaching any such evidence to his Reply in the form of affidavits or other admissible evidence except for the Arbitration Award, which, as argued earlier, is not entitled to preclusive effect. The Plaintiff's assertions in his Motion for Summary Judgment and Reply are not evidence in themselves supporting the non-dischargeability claims. The Plaintiff has therefore failed to show evidence for his non-dischargeability claims sufficient to rebut a motion for summary judgment.

22.     The Plaintiff attempts to discredit the Defendant by claiming that the Defendant "grossly misconstrued" the Arbitration Award by quoting the award's statement that the Defendant "may have hoped to repay the beneficiaries with other monies at some time in the future." The fact that the Arbitrator ultimately concluded that the Defendant knew that subcontractors and suppliers on the Plaintiff's house were not being paid with the trust funds, does not detract from the Arbitrator's acknowledgement that the Defendant may have hoped to repay the trust fund beneficiaries. It is actually necessary that the Defendant have known that trust funds were not being paid to trust fund beneficiaries in order for the Defendant to have hoped that the trust fund beneficiaries would be repaid with future monies. In other words, it would make no sense for the Defendant to hope that the trust fund beneficiaries would be repaid with future monies if he believed that the trust funds were already being paid to trust fund beneficiaries. The fact remains that the Arbitrator acknowledged the possibility that the Defendant made payments from the trust funds to non-trust fund beneficiaries without malice or any intention to harm the Plaintiff under Section 523(a)(6) because he intended to replace the payments with future monies, which would have been in accordance with Texas Property Code Section 162.031(c).

23.     The parties have not agreed to abate the Plaintiff's claims under Section 727 and the Plaintiff has not put forward any evidence of such an agreement. No scheduling order is required for the Defendant to request summary judgment on the Section 727 claims. Federal Rule of Civil Procedure 56(b) permits a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery." This adversary proceeding has been pending for over three years and for nearly 18 months since the Arbitration Award was issued. The Plaintiff has had ample opportunity to conduct discovery on the Section 727 claims and has not even attempt-

ed to put forward evidence to support the Section 727 claims in his Reply. The Defendant is therefore entitled to summary judgment on the Section 727 claims.

WHEREFORE, the Defendant requests that the Court deny the Plaintiff's Motion for Summary Judgment, grant the Defendant's Cross Motion for Summary Judgment, and grant the Defendant all such other and further relief to which he may be entitled.

Dated: August 10, 2015

>Respectfully submitted,
>
>*/s/ Reese W. Baker*
>Reese W. Baker
>Texas Bar # 01587700
>Baker & Associates
>5151 Katy Freeway, Suite 200
>Houston, Texas 77007
>(713)869-9200
>(713) 869-9100 Fax
>ATTORNEY FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on August 10, 2015, a true and correct copy of this Defendant's Reply to Plaintiff's Reply and Objection was served via electronic delivery of the clerk of the bankruptcy court to:

Jeffrey D. Carruth on behalf of Plaintiff Saeed Kahkeshani
jcarruth@wkpz.com, jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com

Bernard Lilse Mathews on behalf of Intervenor-Plaintiff Albert E Vacek, Jr
texlawyer@gmail.com

Bernard Lilse Mathews on behalf of Intervenor-Plaintiff Susan S Vacek
texlawyer@gmail.com

Jonathan D Saikin on behalf of Plaintiff Saeed Kahkeshani
jsaikin@wkpz.com

>*/s/ Reese W. Baker*
>Reese W. Baker